*HIRAM HEATH agt. ROBERT TAYLOR.          [*121]

Notice of substitution of attorneys should be immediately given to the opposite attorney. Where substituted attorneys proceed and take a verdict in a cause, under a notice of trial given by the former. attorney for plaintiff, no notice of substitution having been given to defendant's attorney, and it appearing that the former attorney for plaintiff had given defendant's attorney a *stipulation* to let the cause go over the circuit without prejudice, *after the notice of trial was served;* the verdict and all subsequent proceedings will be set aside with costs, as unauthorized, although the plaintiff and the substituted attorneys were ignorant of such stipulation.

*April Term*, 1846.

MOTION on the part of defendant to set aside verdict, judgment, &c.

A verdict was obtained in this cause in favor of the plaintiff, June 28th, 1844, and judgment entered April 23, 1845. Costs were taxed April 18th, 1845, without notice. Copy costs served on defendant's attorney, 25th of August, 1845, which was the first knowledge defendant's attorney had of the verdict. It appeared on the part of the defendant that plaintiff's attorney, L. J. Lansing, Esq., personally served a notice of trial on defendant's attorney, on the 31st May, 1844, for the June circuit in Steuben, to be held on the 24th of June, 1844. On the 12th of June, 1844, Lansing gave defendant's attorney a stipulation that the cause should go over the June circuit, 1844, without prejudice; that after the 12th of June, 1844, defendant's attorney alleged that he never heard, directly or indirectly, that any proceeding had been taken in the cause by either party, until the 25th of August, 1845, when he received a copy of a bill of costs, and notice accompanying it, that Johnson & Covell, Esqrs., had been substituted as attorneys for plaintiff, in the place of L. J. Lansing, Esq.

Defendant's attorney served papers for this motion for December special term last, which was put over by consent to February special term, and finally abandoned, for the reason that news had been received of the death of defendant in July last, who at the time of his death resided in Illinois. On the 21st of March last, Christopher Hewitt was appointed administrator of the defendant, and employed defendant's attorney to proceed with this motion. It appeared on the part of the plaintiff, that L. J. Lansing, Esq., on the 31st May, 1844, gave to plaintiff a stipulation substituting Johnson & Covell, of Steuben county, attorneys for the plaintiff, after that Lansing alleged he had had no charge or control of the cause; that soon after the June circuit, 1844, M. I. Townsend, Esq., law partner of defendant's attorney, inquired of him (Lansing), whether a verdict had been taken in the cause, as he had

heard there was a report of that kind made by plaintiff, Lansing informed him that he had given the papers to Johnson & Covell, who had charge of the suit, that he had *not heard from them or the plaintiff since the    [*122] circuit, and that he had no information on the subject.

Afterwards, in the spring of 1845, he told defendant's attorney that Johnson & Covell had been substituted as attorneys in his place, and that defendant's attorney had better write to them or the clerk of Steuben county, and ascertain whether a verdict had been taken in the cause; that he (Lansing) had nothing more to do with it. Plaintiff stated that he took the papers in the cause and subpœnas from L. J. Lansing, Esq., on the 20th of June, 1844, and also a stipulation signed by Lansing, substituting Johnson & Covell, as his attorneys in the cause; that he received no information from Lansing that any stipulation had been given or any arrangement made to let the cause go over the circuit; that soon after the verdict was taken, plaintiff was at West Troy, and informed the defendant and Hewitt (who was afterwards administrator of defendant), and others, of the verdict in the cause.

> N. HILL, JR., *defendant's counsel.*
> R. M. TOWNSEND, *defendant's attorney.*
> M. T. REYNOLDS, *plaintiff's counsel.*
> JOHNSON & COVELL, *plaintiff's attorneys.*

BRONSON, Chief Justice. The trial was wholly unauthorized, and we can not say upon the papers that the objection has been waived.

Motion granted, with costs.